OPINION
{¶ 1} Plaintiff, Don Pickett, appeals from an order of the trial court dismissing his action against Defendants, Allied Waste Services and William L. Edmondson.
 {¶ 2} Pickett commenced a small claims action in Dayton Municipal Court against Allied Waste Services and William *Page 2 
Edmondson on February 26, 2007, seeking a judgment of $2,916.20 for damages to his automobile. According to Pickett, on January 30, 2007, an Allied Waste Services truck driven by William Edmondson struck the rear of Pickett's automobile while Pickett was stopped at a traffic light on Main Street in Dayton. A Dayton police officer arrived at the scene and investigated the incident. According to the police report, "DUE TO CONFLICTING STORIES NO CITATION WAS ISSUED."
 {¶ 3} A trial was held on March 28, 2007 before a magistrate. The magistrate found that Pickett failed to prove his case by a preponderance of the evidence presented at trial, and dismissed the case without prejudice. The trial court adopted the magistrate's decision. Pickett filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 4} Pickett fails to identify an assignment of error in his brief. Defendants filed a motion to dismiss Pickett's appeal due to his failure to identify an assignment of error. Although Pickett failed to specifically identify an assignment of error, we read the summary of evidence in his brief as an argument that the trial court's decision is against the manifest weight of the evidence. Therefore, we overrule Defendants' motion to dismiss. *Page 3 
 {¶ 5} A weight of the evidence argument challenges the trial court's judgment in relation to the believability of the evidence presented at trial. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563. A reviewing court must weigh the evidence and all reasonable inferences thereof, and on that basis determine whether a manifest miscarriage of justice occurred. State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 6} An appellant who makes a weight of the evidence argument bears the burden of showing prejudicial error by reference to matters in the record. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. The duty to provide a transcript of the evidence for appellate review falls upon the appellant. Id. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. Id. If the transcript of the proceedings is incomplete or inaudible, appellant is required, under App. R. 9(C), to prepare a statement of the evidence.
 {¶ 7} Pickett has failed to provide a transcript of the hearing before the magistrate. Without a transcript or statement of the evidence, we cannot weigh the evidence in *Page 4 
order to determine whether the trial court's decision is against the manifest weight of the evidence. Therefore, Pickett's assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. and BROGAN, J., concur. *Page 1